UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

"IN ADMIRALTY"

CASE NO.:

BARBARA SCHULTE,

    Plaintiff,
vs.

NCL (BAHAMAS) LTD.,

    Defendant.
_____/

## COMPLAINT

Plaintiff, BARBARA SCHULTE (hereinafter, "Plaintiff"), by and through undersigned counsel, hereby sues Defendant, NCL (BAHAMAS) LTD. (hereinafter "Defendant"), and alleges:

## JURISDICTION & VENUE

1. Plaintiff is a resident of, and domiciled in, Florida.

2. Defendant is a Bermuda corporation with its principal place of business located in Miami, Florida.

3. All events and instances of negligence which makeup the subject matter of this action occurred upon navigable waters.

4. This Court has subject matter jurisdiction as this is an Admiralty and Maritime Claim within in meaning of Fed.R.Civ.P. 9(h), 28 U.S.C. § 1333, and Article III, Section 2 of the United States Constitution.

5. This Court has personal jurisdiction over the Defendant as:

    a. Defendant's principal place of business is located within the District; and,

    b. Defendant subjects itself to the jurisdiction of this Court by issuing a ticket contract requiring the subject dispute be litigated before this Court.

6. Venue is proper as the subject ticket contract provides that this dispute be litigated before this Court.

## GENERAL ALLEGATIONS

7. The incident which is the subject of this action occurred on or about December 4, 2009 aboard the *NORWEGIAN JEWEL* (hereinafter referred to as, "The Vessel") while The Vessel was in navigable waters.

8. At the time of the incident, Plaintiff occupied the status of a passenger.

9. The Vessel was owned and/or operated by Defendant.

10. On the date alleged in paragraph 7 above, Plaintiff was walking on Deck 12 near tables at sunset wherein she slipped and fell on a wet deck. As a result of the slip and fall, Plaintiff suffered serious, debilitation and permanent injuries to her back and spine.

## COUNT I
## (NEGLIGENCE)

11. Plaintiff re-alleges all allegations pled in paragraphs 1 through 10 above as if alleged fully herein.

12. Defendant owed Plaintiff the duty of reasonable care under the circumstances for her safety and the duty to warn Plaintiff of all dangers it knew or should have known.

13. Defendant was negligent as it breached its duty by:

    a. Failing to keep the deck clean and dry to allow normal and safe foot traffic;

    b. Failing to post signs warning that the deck was slippery, wet and hazardous;

    c. Failing to post signs adequately warning that the deck was slippery, wet and hazardous in a manner for which it could be seen by passengers walking the deck,

    d. Failing to otherwise warn Plaintiff that the deck was slippery, wet and hazardous;

    e. Failing to provide a mat or other covering over the slippery deck to allow Plaintiff to safely traverse the deck;

    f. Failing to mix the proper amount of aggregate in the deck paint so there could be significant traction when the deck is wet;

    g. Observing that the deck was slippery with water but failing to dry the deck;

    h. Observing that the deck was slippery with water but failing to cordon off the deck;

    i. Failing to properly train its employees in the proper methods of monitoring the activities of the people in the area, drying wet decks, posting warning signs, or cordoning off such areas;

    j. Failing to properly monitor and control the activities of people in an area especially a common area where Defendant knew or should have known is an area of high traffic and had continuous problems;

* BRAIS & ASSOCIATES, P. A. *
100 NORTH BISCAYNE BLVD., SUITE 800, MIAMI, FLORIDA  33132 * TEL (305) 416-2901 * FAX (305) 416-2902

3

    k. Failing to implement a method of operation which was reasonable and safe and would prevent dangerous conditions such as the one alleged in this action;

    l. Failing to properly maintain the area in a safe and reasonable manner.

14. The Defendant:

    a. Had actual knowledge of the dangerous condition; and/or

    b. Had constructive knowledge of the dangerous condition as it existed for a sufficient length of time so that Defendant should have know of it by the exercise of ordinary care.

15. As a result of Defendant's negligence, Plaintiff suffered bodily injury and possibly aggravation of preexisting conditions, pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings.  These losses are either permanent or continuing.

    **WHEREFORE**, the Plaintiff demands judgment against Defendant for damages suffered as a result of the alleged accident and injury including pain and suffering, disability, physical impairment, disfigurement, mental anguish, inconvenience, loss of capacity for the enjoyment of life, hospitalization, medical and nursing care and treatment and lost earnings experienced in the past and to be experienced in the future together with all taxable court costs and prejudgment interest.

*Schulte v. NCL (Bahamas), Ltd.*

**Submitted this 10th Day of September, 2010.**

**BRAIS & ASSOCIATES, P.A.**
Attorneys for Plaintiff.
New World Tower
100 North Biscayne Blvd.
Suite 800
Miami, Florida 33132
Telephone: (305) 416-2901
Facsimile: (305) 416-2902


By:___*s./ RICHARD D. RUSAK*___
      KEITH S. BRAIS
      Florida Bar No.: 0863319
      RICHARD D. RUSAK
      Florida Bar No.: 0614181